IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | No. 5:14-2711-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Brian Stirling, Director of SCDC; | ) | |
| Dr. McRee; | ) | |
| Dr. Zubel; | ) | |
| Dr. Lee; | ) | |
| Dr. Pinto; | ) | |
| Dr. Hanz; | ) | |
| Dr. Lewis; | ) | |
| RN Harper; | ) | |
| NP Enloe; | ) | |
| Terry L. Andrews, Nurse Admin. II, | ) | |
| | ) | |
| Defendants. | ) | |

## BACKGROUND

This is a civil action filed *pro se* by a state prison inmate. In his Complaint, Plaintiff recounts many facts about medical problems he is allegedly having while in the custody of the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 1). While some of the alleged medical problems regarding digestive and urological-related conditions appear to be long-term concerns for the Plaintiff, the factual allegations in this Complaint specifically reference Plaintiff's state prison medical care for conditions beginning in May 2011. (*Id.* at 5).

The allegations show that after unsuccessful conservative treatment at McCormick Correctional Institution during the month of June 2011, Plaintiff was taken to an outside clinic in Sumter, South Carolina, where Defendant Dr. Zubel, a urologist, performed a circumcision on July 25, 2011. (*Id.* at 7). Plaintiff alleges that he subsequently developed complications as a

1

result of the surgery, but Dr. Zubel told him that he would not re-operate on him "for six months," (*Id.*), and ordered a CAT scan. (Dkt. No. 22 at 3). According to Plaintiff, SCDC medical authorities authorized a CAT scan be performed sometime around October 2011, and as complications persisted, Dr. Zubel's "partner," Defendant Dr. Lee, informed Plaintiff that he needed to see a dermatologist. (Dkt. No. 1 at 6-7). In November 2011, Plaintiff saw an outside dermatologist, who informed him that there was nothing he could do for Plaintiff's genital condition at that point and that Plaintiff should see a plastic surgeon. (*Id.* at 8, 20).

In early April 2012, Plaintiff received "revision of circumcision" surgery by Defendants Dr. Hanz and Dr. Pinto, plastic surgeons, yet Plaintiff alleges that his genital-area pain continued after that surgery. (Dkt. No. 22 at 3). Plaintiff alleges he continued to experience pain and again met with Dr. Hanz, who said he should not have additional surgery or he could suffer complete impotence. (*Id.*). According to Plaintiff, he also saw Dr. Lee after the surgery, who told him there was nothing he could do and that Plaintiff should go to an "MUSC dermatologist." (Dkt. No. 1 at 4). While Plaintiff alleges that it took several months, he was sent to MUSC and was told by the MUSC dermatologist that something could be done by an urologist, not by a dermatologist. (*Id.*). Plaintiff has additionally been seen and treated by doctors at staff at SCDC. (*Id.* at 9-13, 24). As Plaintiff's conditions have not improved, he seeks injunctive relief and compensatory and punitive damages. (*Id.* at 16).

## LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989).

## DISCUSSION

### A. Defendants Zubel, Lee, Pinto and Hanz

The Court agrees that Plaintiff's claims against Doctors Zubel, Lee, Pinto and Hanz should be dismissed. Each of these doctors in private practice provided limited urology or plastic surgery services to Plaintiff, and, under Plaintiff's allegations, it does not appear that any of them had responsibility for follow-up care or other treatment of Plaintiff once he returned to the confines of the SCDC prison system. Despite Plaintiff's conclusory reference to "medical indifference" in his allegations describing the medical treatment these non-prison physicians provided to him, due to the limited nature of the care they provided as described by Plaintiff and their lack of control over any follow-up visits or aftercare by prison medical staff, no plausible

3

constitutional-violation claim under 42 U.S.C. § 1983 or any other federal claim is stated against these Defendants.[1]

With respect to medical care, a prisoner seeking compensation in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court pointed out that "not every claim by a prisoner that he has not received adequate medical treatment states a violation. (*Id.* at 105). "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).

The most that can be said of Plaintiff's allegations against the private doctors who provided urological and surgical care to him is that they, perhaps, show negligence or medical malpractice. His allegations show that these outside doctors had only limited contact with Plaintiff and that the nature and extent of their treatment was completely dependent upon the SCDC medical staff's authorization for their services to be utilized. The Plaintiff failed to provide any evidence that any of these doctors ever unreasonably refused to treat Plaintiff or to provide care for him whenever Plaintiff was allowed to consult with them. The fact that the private physicians' diagnoses and/or treatments did not completely clear up the problems of which Plaintiff complains or that they did not perform all procedures or provide additional treatment that Plaintiff desires does not mean that they were indifferent to his medical needs. *See Estelle*, 429 U.S. at 105; *Farmer v. Brennan*, 511 U.S. 825 (1994) ("Mere disagreements

---

[1] Although Plaintiff does not specifically cite to § 1983 as the basis for his Complaint, no other viable basis for the exercise of this Court's limited subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallsas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989).

between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice"). The Fourth Circuit has said, "[d]eliberate indifference is a very high standard – a showering of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

The allegations in this Complaint show only a disagreement as to the proper type and amount of medical treatment provided and a possible claim of medical malpractice against these doctors. However, it is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Therefore, while claims of negligence and malpractice are actionable under South Carolina law, they should be brought only in state court unless diversity of citizenship is present. *See* 28 U.S.C. § 1332 (describing the diversity jurisdiction of district courts); S.C. Code Ann. § 15-78-20(e) (suits under the South Carolina Torts Claims Act must be brought in state court within the boundaries of South Carolina). However, there is no diversity of citizenship in this case because Plaintiff and each of the Defendant Doctors Zubel, Lee, Pinto, and Hanz are residents of the State of South Carolina as shown by the allegations in the complaint and in the service documents submitted by Plaintiff. (Dkt. No. 1 at 3; Dkt. No. 11).

In his Objections to the R & R, Plaintiff thoroughly discusses the reasons for his malpractice action, citing numerous state statutes. However, those arguments relate to Plaintiff's state law claims, which must be brought in state court. Plaintiff also argues that he can "bring a claim in Federal Court under [the] Federal Tort Claims Act." (Dkt. No. 22 at 7). However, because named Defendants are not federal employees, a claim cannot be brought under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2679 (FTCA is the sole remedy for injury

5

arising from the negligent or wrongful act "of any employee of the Government while acting within the scope of his office or employment"); 28 U.S.C. § 2671 (defining employee of the Government).

### B. Defendant Stirling

The Court also agrees that Plaintiff's claims against Brian Stirling, whom Plaintiff identifies as "Director of SCDC," (Dkt. No. 1 at 1), should be dismissed. There are no allegations in Plaintiff's Complaint that even mention Defendant Stirling. This absence of allegations naming Stirling alone shows that Plaintiff's inclusion of this person as a defendant in this case is improper and frivolous. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless). There are no allegations showing Director Stirling had any personal involvement in any of the medical decisions made by SCDC medical staff concerning the nature and/or extent of care or treatment provided to Plaintiff. The Fourth Circuit Court of Appeals has held that to state a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012).

The fact that Defendant Stirling is the overall supervisor or "Director" of SCDC does not, in itself, provide the type of personal involvement required to state a plausible § 1983 claim against him. While the Plaintiff argued in his Objections that he "wrote the director" informing him of his allegations and that "he knew [of the allegations] because I wrote him," (Dkt. No. 22 at 11), from Plaintiff's response it appears he only wrote Defendant Stirling on one occasion *after* the alleged misconduct at issue. To state a claim for supervisory liability, Plaintiff must allege knowledge of misconduct *prior* to Plaintiff's injury. *See Shaw v. Stourd*, 13 F.3d 791, 799

6

(4th Cir. 1994) (plaintiff must show "an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff").

## CONCLUSION

For the reasons set forth above, the Court agrees with and adopts the R & R (Dkt. No. 17) as the Order of the Court, and **DISMISSES** Plaintiff's claims against Defendants Zubel, Lee, Pinto, Hanz, and Stirling without prejudice.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

October 31, 2014
Charleston, South Carolina