UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No.: 5:14-cv-02711-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Bryan Shirley, Director of SCDC; Dr. McRee; Dr. Zubel; Dr. Lee; Dr. Pinto; Dr. Hanz; Dr. Lewis; RN Harper; NP Enloe; Terry L. Andrews, Nurse Admin. II,, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Plaintiff's Motion for Appointment of Counsel, ECF No. 41, Plaintiff's Motions for Leave to File an Amended Complaint, ECF Nos. 42, 53, "Motion Petition," ECF No. 44, and Motion for Physical and Mental Examinations, ECF No. 52. Defendants have responded to Plaintiff's Motions. ECF Nos. 45, 46, 47, 56, 57. The court will rule on each motion in turn.

1. Motion for Appointment of Counsel

Plaintiff requests that the court appoint him counsel. ECF No. 41. Plaintiff's Motion is denied. There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing

it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). Having reviewed Plaintiff's Motion, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d at 160. Accordingly, Plaintiff's Motion to Appoint Counsel, ECF No. 41, is **denied**.

2. Motions for Leave to File an Amended Complaint

On November 20, 2014, Plaintiff filed a Motion for Leave to file an Amended Complaint. ECF No. 42. In his Motion, Plaintiff requests adding additional defendants to his Complaint because Plaintiff allegedly contacted these individuals about alleged violations of the South Carolina Code's "medical act" when he was denied medical treatment for months. *Id.* at 1-3. Defendants oppose Plaintiff's Motion because they maintain the individuals Plaintiff seeks to add as defendants did not have direct involvement with his medical care, and their alleged failure to respond to his complaints does not amount to a constitutional violation. ECF No. 46 at 1.

Plaintiff's Motion to Amend his Complaint, ECF No. 42, is **granted** pursuant to Rule 15(a)(2). The Clerk is instructed to attach Plaintiff's Motion to his Complaint, ECF No. 1, as a supplemental pleading. Upon attachment by the Clerk, Defendant may answer or otherwise respond to Plaintiff's Supplemental Pleading in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure. Defendant's time to respond will begin and service will be effected when the Clerk attaches Plaintiff's Motion, ECF No. 42, to Plaintiff's Complaint.

On December 8, 2014, Plaintiff filed another Motion for Leave to File an Amended Complaint. ECF No. 53. There, Plaintiff asserted specific allegations against five already named Defendants. *Id.* at 3-7. As these allegations are already a part of Plaintiff's Complaint and/or

supplemental pleadings, see ECF Nos. 1, 24, 24-2, Plaintiff's Motion to Amend his Complaint, ECF No. 53, is **denied**.

3. Motion Petition (docketed as a Motion to Compel)

Plaintiff petitions the court to sanction SCDC and its attorneys for interference with legitimate court proceedings. ECF No. 44 at 4. Alternatively, Plaintiff asks that SCDC pay for Plaintiff to have an attorney of his choice, pay for the cases he needs to litigate, supplies, and for copies if the courts have to copy them. *Id.* Plaintiff's Petition is **denied** as the court cannot interfere with administrative matters within a prison. *See generally Sweet v. S.C. Dep't of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (describing Federal Court's deference to prison administrators and all administrative matters unless the condition arises to the level of a constitutional violation). Furthermore, this court cannot order SCDC to pay for an attorney for Plaintiff or for his litigation "supplies."

4. Motion for Physical and Mental Examinations

Plaintiff moves for a physical examination "by a suitably licensed or certified examiner." ECF No. 52. Defendants oppose Plaintiff's Motion and maintain that Plaintiff has failed to demonstrate good cause for an examination as required by Rule 35 of the Federal Rules of Civil Procedure. ECF No. 56. The undersigned agrees. Pursuant to Rule 35, the court may grant a motion "for good cause and on notice to all parties and the person to be examined." Here, Plaintiff does not demonstrate sufficient cause to warrant an examination and only maintains there is an ongoing controversy. Accordingly, Plaintiff's Motion, ECF No. 52, is **denied**.

IT IS SO ORDERED.

*[signature: Kaymani D. West]*

December 19, 2014                                           Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge